UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:17 cr - 051 |
| Plaintiff, | : | |
| | : | JUDGE WALTER RICE |
| v. | : | |
| | : | SUPERSEDING INFORMATION |
| VICKIE MCNABB, | : | |
| Defendant. | : | 26 U.S.C. § 7206(2) |
| | : | 26 U.S.C. § 7212(a) |
| | : | 18 U.S.C. § 1343 |
| | : | |
| | : | FORFEITURE ALLEGATION |

**INTRODUCTION:**

At all times relevant to this Superseding Information:

1. The defendant, **VICKIE MCNABB,** resided in Warren County, Ohio, within the Southern District of Ohio.

2. From January 2009 and continuing thereafter until in or about January 2013, in the Southern District of Ohio, **MCNABB** prepared and caused the preparation of U.S. Individual Income Tax Returns (Forms 8888) and related Attachments and Schedules for her clients.

3. Specifically, **MCNABB** input the expenses and other related information on her client's Form 1040, filed Form 8888s, and had the total amount or partial amount of the client's refund deposited in bank accounts **MCNABB** controlled.

4. The Internal Revenue Service ("IRS") was an agency of the United Sates' Department of Treasury responsible for enforcing and administering the federal laws of the United States, and collecting taxes owed to the United States.

1

THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
### Aiding and Assisting in Preparation of False and Fraudulent U.S. Tax Returns
### (Violation of 26 U.S.C. § 7206(2))

1. The factual allegations contained in Paragraphs 1 through 4 of the Introduction Section of this Superseding Information are re-alleged and incorporated herein as if copied verbatim.

2. From in or about January 2009 and continuing thereafter until in or about January 2013, in the Southern District of Ohio, the defendant, **VICKIE MCNABB**, did willfully aid, assist in, procure, counsel, and advise the preparation and presentation to the Internal Revenue Service of U.S. Individual Tax Returns, Form 1040, for the calendar years 2009 through 2013, which were false and fraudulent as to a material matter, in that they represented business expenses on the Schedule C forms, which **MCNABB** knew were false, resulting in a tax loss of $117,517.00

In violation of Title 26 U.S.C. § 7206(2).

### COUNT 2
### Corrupt Interference with the Administration of Internal Revenue Laws
### (Violation of 26 U.S.C. § 7212(a))

1. The factual allegations contained in Paragraphs 1 through 4 of the Introduction Section of this Superseding Information are re-alleged and incorporated herein as if copied verbatim.

2. Beginning on or about June 1, 2010, and continuing thereafter up to and including September 30, 2014, in the Southern District of Ohio, the defendant, **VICKIE MCNABB,** did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by interfering with the administration of the Internal Revenue Service by using her personal address

in place of the legitimate taxpayer's address on the internal revenue forms such that the IRS communicated with **MCNABB** instead of the legitimate taxpayer, which **MCNABB** kept the legitimate taxpayer's payments to the IRS, resulting in a correspondence audit by the IRS and loss amount totaling $24,096.00.

**In violation of Title 26 U.S.C. § 7212(a).**

### COUNT 3
### Wire Fraud
### (Violation of 18 U.S.C. § 1343)

1. The defendant, **VICKIE MCNABB,** resided in Warren County, Ohio, within the Southern District of Ohio.

2. From in or about December 2013 until in or about July 2016, **MCNABB** was employed as an officer manager/bookkeeper for International Display Systems, Inc. (hereinafter "IDS") located in Kettering, Ohio, within the Southern District of Ohio.

3. Since in or about 2008, **MCNABB** was employed as a bookkeeper/ tax return preparer for Bill Dailey Stables (hereinafter "BDS") in Mechanicsburg, Ohio, within the Southern District of Ohio.

4. **MCNABB** had access to the business checking accounts of both IDS and BDS during her periods of employment.

5. Beginning in or about October 2014 and continuing thereafter until January 2017, within the Southern District of Ohio and elsewhere, **MCNABB,** having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communications, signals and writings, to wit: the electronic transfer or wiring of funds belonging to IDS and BDS to pay the personal debts of **MCNABB**.

### The Scheme and Artifice

6. It was a part of the scheme that after IDS terminated **MCNABB** because of the activity involving the continued unauthorized use of the company business checking account through its debit card, **MCNABB** continued the same activities using BDS' bank account as the source of payments for her American Express and a JP Morgan Chase credit card accounts.

7. It was a part of the scheme that when IDS discovered the unauthorized activity, **MCNABB** agreed to pay back the amount.

8. It was a part of the scheme that **MCNABB** then told BDS that **MCNABB** needed to use a check from BDS' business checking account to make a tax payment to the IRS without BDS knowing the check actually went to reimburse IDS.

9. It was a part of the scheme that during her employment with IDS, **MCNABB** used IDS' business checking account for personal use, namely to make payments to her American Express and a JP Morgan Chase credit card accounts.

10. Beginning in or about October 2014 and continuing thereafter until January 2017, the defendant, **VICKIE MCNABB**, in the Southern District of Ohio, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, or sounds, namely, electronic transfers. Specifically, **VICKIE MCNABB,** beginning on or about the date of October 9, 2014 and continuing up until January 26, 2017, caused payments to be transmitted by interstate commerce, that is: wire communications or transfers of funds from IDS' and BDS' business checking accounts to her American Express and a JP Morgan Chase credit card accounts totaling $237,341.01.

**In violation of Title 18 U.S.C. § 1343.**

## FORFEITURE ALLEGATION

The allegations contained in Count Three of this Superseding Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of 18 U.S.C. § 1343, the defendant, **VICKIE MCNABB,** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense , including but not limited to, a sum of money equal to the amount of proceeds **MCNABB** obtained as a result of the offense.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

KENNETH L. PARKER
ASSISTANT UNITED STATES ATTORNEY